# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**MICHAEL EDWARD ALLEN,**
**#19998**                                                                                               **PLAINTIFF**

**V.**                          **CASE NO. 4:20-CV-416-KGB-BD**

**LUCAS EMBERTON,** *et al*.                                                               **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.     Procedure for Filing Objections:**

This Recommendation has been sent to Judge Kristine G. Baker. Mr. Allen may file objections if he disagrees with the findings or conclusions set out in the Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be received in the office of the Court Clerk within 14 days. If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record. If he does not file objections, Mr. Allen may waive any right to appeal questions of fact.

**II.    Discussion:**

A. Background

Mr. Allen, a pre-trial detainee at the Van Buren County Jail (Jail), filed this civil rights lawsuit without the help of a lawyer. (Doc. No. 1) In his complaint, Mr. Allen claims that Defendants Lucas Emberton and Brick Lewis, the Sheriff and Jail

Administrator in Van Buren County, violated his rights by failing to timely respond to his grievances.[1]

B. Analysis

Federal courts must review prisoner complaints that name government entities, officers, or employees as defendants. 28 U.S.C. § 1915A(a). After assessing those complaints, the Court is obligated to dismiss those claims that fall short of stating a claim for relief before ordering service of process. 28 U.S.C. § 1915A(b). As explained below, Mr. Allen's allegations in this complaint, even if true, do not state federal claims for relief.

In his complaint, Mr. Allen states that, "[f]ailure to reply to grievances for two [months] is the basis of this suit." (Doc. No. 1) He refers to grievances he has filed about various issues at the Jail, but his complaint in this case concerns the Defendants' failure to respond to grievances.[2]

---

[1] Mr. Allen also names Assistant Jail Administrator Mahayn as a Defendant, but does not refer to him in the body of the complaint. "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability of the supervisory defendants, [the plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) (internal quotation marks and citation omitted).

[2] Mr. Allen states that he has filed grievances complaining about the lack of medical care at the Jail, the lack of adequate nutrition at the Jail, and the practice of allowing Jail employees to open detainees' legal mail, but has received no response to those grievances. Recently, Mr. Allen voluntarily dismissed a deliberate-indifference claim against Sheriff [Emberton] in a separate lawsuit filed in this district. *Allen v. Embanton*, E.D. Ark. Case No. 4:20cv210.

Under settled law, inmates have no constitutional right to an inmate grievance procedure at all. Therefore, a jail official's failure to process or respond to a grievance, standing alone, cannot support a claim in a lawsuit such as this. *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002); and *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III.  Conclusion:

The Court recommends that Mr. Allen's claims be DISMISSED, without prejudice. The Court also recommends that this dismissal constitute a "strike" for purposes of 28 U.S.C. § 1915(g) and certify that an *in forma pauperis* appeal would be frivolous and not taken in good faith.

DATED, this 27th day of April, 2020.

_____
UNITED STATES MAGISTRATE JUDGE