IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**MICHAEL EDWARD ALLEN**                                                      **PLAINTIFF**

v.                              **Case No. 4:20-cv-00416-KGB**

**LUCAS EMBERTON,** *et al.*                                                 **DEFENDANT**

## ORDER

The Court has received a Recommended Disposition from United States Magistrate Judge Beth Deere (Dkt. No. 5). Plaintiff Michael Edward Allen has filed objections (Dkt. No. 6). After careful consideration of the Recommended Disposition, the objections, and a *de novo* review of the record, the Court adopts the Recommended Disposition as its findings in all respects (Dkt. No. 5).

The Court writes separately to address Mr. Allen's objections. Mr. Allen filed this action pursuant to 42 U.S.C. § 1983 against defendants Lucas Emberton, Sheriff, Van Buren County; Brick Lewis, Administrator, Van Buren County Jail; and Tom Mahayn, Assistant Administrator, Van Buren County Jail (Dkt. No. 1). Mr. Allen alleges that Sheriff Emberton and Mr. Lewis violated his constitutional rights to due process of law by failing to respond to his grievances in a timely manner (*Id.*, at 4). Mr. Allen fails to refer to Mr. Mahayn in the body of the complaint or allege any actions on his behalf (Dkt. No. 1). Judge Deere recommends that Mr. Allen's claims be dismissed without prejudice (Dkt. No. 5, at 3). Judge Deere states that "[u]nder settled law, inmates have no constitutional right to an inmate grievance procedure at all. Therefore, a jail official's failure to process or respond to a grievance, standing alone, cannot support a claim in a lawsuit such as this." (*Id.*). *See Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

In Mr. Allen's objections, Mr. Allen argues that the grievance procedure is placed in the course of due process since all forms of grievances and complaints must be exhausted before a § 1983 claim can be filed (Dkt. No. 6, at 1).  Mr. Allen argues that it violates the spirit if not the letter of § 1983 to say that an inmate has no constitutional right to a grievance process (*Id.*).  Mr. Allen maintains that the Court is, in effect, giving Sheriff Emberton and his jail administrators "free rein on the Civil Rights of inmates" (*Id.*, at 2).  Despite Mr. Allen's objections, the Eighth Circuit has repeatedly found that a prison's grievance procedures confer no substantive rights and that, as a result, an inmate may not bring a freestanding § 1983 claim alleging Fourteenth Amendment violations stemming from a prison's grievance system.  *See Walker v. Bertsch*, 745 Fed. App'x 664, 664 (8th Cir. 2018); *Thomas v. Banks*, 584 Fed. App'x 291, 291 (8th Cir. 2014); *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).  For these reasons, the Court overrules Mr. Allen's objections.

Accordingly, this Court dismisses without prejudice Mr. Allen's complaint (Dkt. No. 1).  Dismissal of this action constitutes a "strike" for purposes of 28 U.S.C. § 1915(g), and the Court certifies that an *in forma pauperis* appeal from this Order and the accompanying Judgment would not be taken in good faith.

It is so ordered this 26th day of January, 2021.

_____
Kristine G. Baker
United States District Judge